

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2009

# USA v. Alejandro Herrera-Gonzalez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Alejandro Herrera-Gonzalez" (2009). *2009 Decisions.* Paper 18.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/18

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4269
_____

UNITED STATES OF AMERICA

v.

ALEJANDRO HERRERA-GONZALEZ, a/k/a
Alejandro, a/k/a Alejandro Herrera, a/k/a
Alejandro G. Herrera

Alejandro Herrera-Gonzalez, Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 1-08-cr-00278-001)
District Judge:  Jerome B. Simandle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
DECEMBER 15, 2009
Before:   SLOVITER, JORDAN and WEIS, Circuit Judges.
(Filed: December 31, 2009)
_____

Opinion
_____

WEIS, Circuit Judge.

Defendant pled guilty to illegally re-entering the country five years after

being deported for his commission of criminal sexual contact.  See 8 U.S.C. § 1326.  The

1

District Court sentenced him to 46 months imprisonment, the bottom of the Guideline range.  Defendant now contends that the Court erred in "focus[ing] almost exclusively on" his conviction for the sex crime, for which he had already served time in prison, as the main factor in calculating the sentence.  We will affirm the sentence imposed.

In computing the Guideline range, the Court included a sixteen-level enhancement to the base offense level because of the defendant's previous conviction for a felonious crime of violence.  See U.S.S.G. § 2L1.2(b)(1)(A).  That addition, combined with a three-level decrease for the acceptance of responsibility, resulted in an adjusted Guideline offense level of 21, which, when applied to the defendant's criminal history category of III, culminated in a range of 46-57 months imprisonment.  In computing the criminal history, the Court included a state conviction for failing to register as a sex offender.  That violation occurred after defendant re-entered this country.

The District Court reviewed the defendant's mitigation claims in detail and thoroughly explored the reasons for the Guideline calculations.  The Court also gave "meaningful consideration" to the factors in 18 U.S.C. § 3553.  United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) (a procedurally reasonable sentence "reflect[s] a district court's meaningful consideration of the factors set forth at . . . § 3553(a)" (quoting United States v. Lessner, 498 F.3d 185, 203 (3d Cir. 2007))).  In addition, the Court noted that defendant already had served six months in a state jail for failing to register as a sex offender and, but for that, the sentence would have been higher than the 46 months

imposed.

We are convinced that the District Court "committed no significant procedural error in arriving at its [sentencing] decision," nor did it impose a substantively unreasonable term of imprisonment. Id. The Court painstakingly analyzed the case and the arguments ably raised by defense counsel. We find no reversible error in the defendant's sentence.

We note further that defendant has raised a claim that the District Court accepted his conviction under 8 U.S.C. § 1326(b)(2) by a preponderance of the evidence in spite of the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). Defendant candidly admits that he raises this point to preserve the issue should the Supreme Court modify its holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998). We acknowledge the defendant's preservation of the issue.

Accordingly, the judgment of the District Court will be affirmed.